PER CURIAM.
The defendant, Charles Sampson, was indicted and charged with murder for the November 21, 1970 killing of one David C. Collins in Alexandria, Louisiana. Trial was held November 16, 1971. Defendant was found guilty without capital punishment and sentenced to life imprisonment. *86 Two bills of exceptions were perfected, one of which was briefed.
In Bill of Exceptions No. 2 (the briefed bill), the defendant contends that the trial court should have given an instruction to the jury to determine the question of guilt separately from the penalty because counsel for the defendant would have to take an inconsistent position with respect to both guilt and penalty. The trial judge in his per curiam to the bill stated that there was “no provision of law permitting this type procedure.”
There is no merit to the bill. .The trial judge’s per curiam is correct. The defendant has no right to demand such a procedure. State v. Shaffer, 260 La. 605, 257 So.2d 121; State v. Harris, 258 La. 720, 247 So.2d 847; Crampton v. Ohio, 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711; McGautha v. California, 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711.*
The remaining bill of exceptions was neither briefed nor argued. We have examined it anyway and find it to be without merit.
For the reasons assigned, the conviction and sentence are affirmed.

 We do not find tlie case of United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, applicable. That case along with Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, indicate that only the imposition of the death sentence is unconstitutional, in the former because it infringes upon a defendant’s right to jury trial and in the latter because it is cruel and unusual punishment. Those cases do not stand for the proposition that the Louisiana system in capital cases is unconstitutional, especially as applied to the defendant in the case before us because the defendant did not receive .the death penalty.